IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR3144 |
| | ) | |
| V. | ) | |
| | ) | |
| SERGIO HUMBERTO ZAMARRIPA-TORRES, | ) | ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On March 13, 2006, following a conference call with counsel for the defendant and for the government, I entered an order continuing the defendant's change-of-plea hearing from March 14, 2006, until March 30, 2006.  (See filing 29.)  I find that the days from March 14, 2006, to March 30, 2006, are to be excluded from any computation of time for the purposes of the Speedy Trial Act.

Under the Speedy Trial Act, a federal criminal defendant must be brought to trial "within seventy days from the filing date (and making public) of the . . .  indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  After the statutory "clock" begins to run, certain delays are excluded from the computation of time within which the defendant must be brought to trial.  See 18 U.S.C. § 3161(h).  Among the delays that are excluded by the Speedy Trial Act are delays resulting from continuances granted by a judge.  See 18 U.S.C. § 3161(h)(8).  If a period of delay results from a continuance granted by a judge, the judge must set forth in the record its reasons for finding that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  If such reasons do not appear in the record, the period of delay resulting from the continuance is not excludable.  See id.

In this case, the continuance is necessary in order to ensure that the defendant fully understands and agrees to the terms set forth in a plea agreement before that agreement is signed. I understand that the defendant and his representative have been reviewing and discussing the

agreement; however, they have struggled to overcome barriers of language and distance.  These barriers have not only hindered their efforts to study the agreement, but have caused the defendant, who speaks Spanish primarily, to doubt his understanding of the agreement.  Under these circumstances, the failure to grant the continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account due diligence."  18 U.S.C. § 3161(h)(8)(B)(iv).  I therefore find that ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS ORDERED that the change-of-plea hearing or trial, if necessary, shall be continued to March 30, 2006, at 10:00 a.m. and the time from March 13, 2006, to March 30, 2006, shall be excluded from computation of the time allowed by the Speedy Trial Act.

Dated March 15, 2006.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge